[Civil No. 3589. Filed January 27, 1936.]

[53 Pac. (2d) 1084.]

## ALTON B. PAYNE, Appellant, v. C. A. WOODSON, Appellee.

Messrs. Hayes & Allee, for Appellant.

Mr. William G. Christy and Mr. Hess Seaman, for Appellee.

ROSS, J.—This case was tried upon an agreed statement of facts, the material ones being: Prior to August 1, 1933, plaintiff Woodson was employed as an artisan by defendant Payne in the latter's shoe repair business in Phoenix, Arizona, at wages of $30 per week, of 48 hours. On or about August 5, 1933, the defendant entered into an agreement with the President of the United States agreeing not to employ any artisan more than 35 hours a week during the

President's "Emergency Reemployment Drive,"'from August 1st to December 31, 1933, except in special cases requiring continuous processes, and in such cases that the pay would be for any excess at least time and one-third; also, not to reduce the compensation being paid before and at the time of agreement, notwithstanding the reduction of hours.

This kind of agreement was authorized by section 4 (a) of the Act of Congress of June 16, 1933, known as the National Industrial Recovery Act. Said section 4 (a), 15 U. S. C. A., § 704 (a), reads:

"The President is authorized to enter into agreements with, and to approve voluntary agreements between and among, persons engaged in a trade or industry, labor organizations, and trade or industrial organizations, associations, or groups, relating to any trade or industry, if in his judgment such agreements will aid in effectuating the policy of this chapter with respect to transactions in or affecting interstate or foreign commerce, and will be consistent with the requirements of clause (2) of subsection (a) of section 703 of this title for a code of fair competition."

The plaintiff, claiming that the contract between the President and defendant was for his benefit and automatically took the place of the contract between him and defendant, brought this action for overtime worked, at time and one-third, beginning with the week ending August 19th and extending to and including the week ending November 11, 1933, in all 330.25 hours, or $377.67 for overtime, and $5 unpaid balance for the last week he worked.

The defendant paid plaintiff on account of his work $30 per week except for the last week, when he paid only $25, or all told $385; and he claims that such sums were paid by him and accepted by plaintiff in full and complete satisfaction and discharge of all claims.

Judgment was rendered against defendant for $381.22, and from such judgment the defendant has appealed. He assigns the overruling of his general demurrer as error, for the reason that the President was without legal authority to make the said agreement, and for the further reason that plaintiff was not a party to the agreement, nor was it made for his benefit.

 It will be noted that the President's authority is limited to agreements with persons engaged in a trade or industry and concerning their "transactions *in* or *affecting* interstate or foreign commerce," which in his judgment would aid in promoting the objects of the National Industrial Recovery Act.

In the decision in *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495, 55 Sup. Ct. 837, 79 L. Ed. 1570, 97 A. L. R. 947 (dated May 27, 1935), the Supreme Court held that the Congress was without power to enact laws to regulate the hours and wages of workmen engaged in the dressing, preparing, and marketing of fowls for local trade, even though the fowls were shipped from outside the state, on the ground that such business was purely local and intrastate in its nature.

The plaintiff's employment, that of mending and repairing shoes, was not *"in* or *affecting* interstate or foreign commerce," but was purely a local and intrastate business, and was not, therefore, under the above decision a subject the Congress could regulate or authorize the President to regulate. The construction of the National Industrial Recovery Act by the Supreme Court is binding upon the state courts.

We think we should say the Schechter case, *supra,* had not come down when the trial court rendered its decision in this case.

Those cases cited by plaintiff, holding that those for whom contracts are made by third parties may sue thereon, contemplate that the parties making the contract are not acting under an invalid law, as was the case here.

The judgment is reversed, and the case remanded, with directions that the trial court sustain the demurrer.

LOCKWOOD, C. J., and McALISTER, J., concur.